Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

|  |  |
|---|---|
| Angelo Louis DiCostanzo | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| **-v-** | |
| County of Yellowstone, Et. AL. | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                    Angelo Louis DiCostanzo

All other names by which
you have been known:

ID Number                            292 999

Current Institution                YCDF

Address                               3165 King Ave E.

Billings                        MT              59101
City                            State          Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.



Defendant No. 1

Name                              County of Yellowstone

Job or Title *(if known)*      Yellowstone County Attorneys office

Shield Number                 Criminal Complaint department

Employer                         County of Yellowstone - State of Montana

Address                          217 N. 27th st - P.O. Box 35025

Billings                        MT              59107-5025
City                            State          Zip Code

[X] Individual capacity   [X] Official capacity

Defendant No. 2

Name                              Emily Jo Roark

Job or Title *(if known)*      Deputy Yellowstone County Attorney

Shield Number

Employer                         County of Yellowstone

Address                          P.O. Box 35025

Billings                        MT              59107
City                            State          Zip Code

[X] Individual capacity   [X] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name                                 Mandi Gould
    Job or Title *(if known)*            Managing Attorney
    Shield Number                        Office of the Montana Public Defender
    Employer                             State of Montana - County of Yellowstone
    Address                              207 N. Broadway, Ste. 201
                                         Billings              Mt          59101
                                              City            State          Zip Code
                                 [X] Individual capacity    [X] Official capacity

Defendant No. 4
    Name                                 See Attach A.
    Job or Title *(if known)*
    Shield Number
    Employer
    Address
                                              City            State          Zip Code
                                 [X] Individual capacity    [X] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The defendants have created a scheme to prohibit Plaintiffs full access to the courts and have conspired to stack charges and withhold evidence and a generic search warrant on Plaintiffs phone.
                                                        See Attach B.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Attach A.

Defendant No. 4

Tyler Thomas Dugger
Criminal defense Attorney
Office of the Montana Public Defender
County of Yellowstone - State of Montana
2451 Applewood Ave
Billings, MT 59102

Defendant No. 5

Terry Haplin
Clerk of Court
County of Yellowstone - State of Montana
P.O. Box 35030
Billings MT 59107

Defendant No. 1

Brett D. Linneweber
13th Judicial District Judge
P.O. Box 35030
Billings, MT 59107

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*See Attach B*

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [X] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*May 2024 - ongoing during criminal proceedings*

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

*N/A*

C.    What date and approximate time did the events giving rise to your claim(s) occur?

*May 2024 - ongoing*

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*see Attach B*

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*N/A*

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*Plaintiff request an injuction compelling defendants to stop the stated violation and requests the defendants give plaintiff a mandatory 10 years out patient Sex offender treatment programing as part of relief.*
*Award Punitive damages for the violations*
*Award cost of filing and Attorney fees*

Attach B

It is held as the language of Younger makes clear that a showing of bad faith or harrassment is equivalent to a showing of irreparable injury for purposes of the Younger restraints defined in Younger, because there is a Federal right to be free from bad faith prosecution 467 F.2d at 120 N. 7. Irreparable injury need not be independently established

Prosecutorial conduct does not include acts that are investigative and unrelated to preparation and initation of Judicial Proceedings. See Buckley v. Fitzsimmons 509 U.S. 259, 273

Kugler v. Holfant 421 U.S. 117, 126 N.6. Bad faith means a prosecution brought without a reasonable expectation of obtaining a valid conviction

The Montana Supreme Court held the piecing a series of sexual crimes together a "common scheme" constitutes a "Fictional charge" see State v. Rowe, 2024 Mt. 37, Par 20, 547 P.3d 619. Due to the fact that common scheme and continuing course of conduct are used interchangable by the Courts. In State v. Rowe, the prosecutor charged by information three incidents of sexual assault as a "common scheme" against the same victim. id. at Para 5. The Montana Supreme Court referred to these charges as a fictional crime and made it clear that a sexual assault crime could not be a "common scheme" id. at Para 20.

The only difference in the Plaintiffs case is instead of 3 charges as in Rowe, the Defendant Roark is charging Plaintiff with a total of 8 charges, Knowing full well its a violation of montana law.

In reading Rowe, Nothing cataclysmic took place in Montana law. Infact Rowe made clear that sex crimes could not be charged as "common-Scheme" simply reiterated what the Montana Supreme Court said in State v. Goodenough, 2010 Mt. 247, 358 Mont. 219, 245 P.3d 14. The defendant in Goodenough was charged with five counts of sex crimes committed on two victims at Para. 1.

Defendants Roark, Linneweber, Dugger have conspired to allow the 8 charges to remain against the Plaintiff, even after repeated attempts to correct this, but was ignored by defendants

(1)

Judges and Prosecutors are immune from civil suits for damages only for actions, taken within the scope of the official duties. Ashelman v Pope 769 F. 2d 1360, 1361. A Judge is not immune if his/her action are deemed non-judicial. Beard v Lidell, 648 F. 2d 1264, 1269; Stump v Sparkman, 435 U.S. 349, 362. Similarly a prosecutor is only immune if he/she was acting within the scope of his/her authority. Beard 648 F. 2d at 1271.

Conspiracy to cause or prohibit protected rights, Neither would be shielded by immunity Ashelman 769 F. 2d at 1362

A Judge can be liable for participating in a Conspiracy if the acts indicating participation were taken by the judge otherwise than in his/her judicial role See:
    Beard v Lidell 648 F. 2d 1264, 1270
    Slavin v Curry 574 F. 2d 1256, 1264, modified 543 F. 2d 779
    Ashelman v Pope 769 F. 2d 1360

The District Court reliance on Judicial and Prosecutorial immunity was misplaced, Judges and Prosecutors are immune from civil suits for damages only for actions taken within the scope of their official duties. Ashelman 769 F. 2d at 1361

The Plaintiffs attempt to stack charges have been deemed unconstitutional, yet the Defendant have conspired to prohibit his ability to fight this

Defendant Roark issued an overbearing, very broad Search warrent on Plaintiffs cell phone. However a recent case, has implied that an overbearing over-reach search warrent is unconstitutional. See U.S. V. Lofstead 574 F. Supp 3d 831 (2021)

The right of Access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts with out undue interference, the right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process see Snyder v Nolan, 380 F. 3d at 291

First Amend right to petition the Government includes the right to file other civil actions in court that have a reasonable basis in law or fact. See McDonald v. Smith 472 U.S. 479, 484.

Defendants Roark, Haplin, Linnewebber, Dugger have aided each other in depriving Plaintiffs right of full access, forcing him to be dependant on ineffective counsel Defendant Dugger

Qualified immunity shields government officials from civil liability for performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known

See:
     Buckley v Fitzsimmons 509 U.S. 259, 264, 113 S. Ct 2606, 125 L. Ed. 2d 209 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct 2727, 73 L. Ed. 2d 396.)

The contours of the right must be sufficiently clear that a reasonable official what he/she is doing violates that right. See Anderson v. Creighton 483 U.S. 635, 640.

the fact that motions are ignored, even after enough facts are presented, means that the defendants are knowingly violating plaintiffs 1st and 14th AMEND.

A conflict of intrest exists if a defense attorney owes duties to a party whose intrest are adverse to those of the defendant Alexander V. Rice 265 F. 3d 874,885

The potential for a conflict of intrest is not measured by the representation of the prosecutor, but by the unique perspective and subjective beliefs of defense counsel. id. 886

A person would have to be blind to not to know that Defendant Dugger is ineffective of counsel. Essentially Defendant Gould is turning a blind eye that Dugger is being constantly removed from cases, yet is still able to receive cases from the Public Defenders office.

Alleging that the United States government violated his 6th amend right to counsel and 5th Amend right to due process, That former attorney had an ongoing relationship with government agents and the assistant U.S. Attorney assigned to his case with full knowledge that was defendants Attorney, encouraged attorney to actively aid the government investigation See U.S. v. marshank 777. F. Supp 1507

Defendant Dugger aiding in hindering any meaningful supression of evidence, statements from biased and coached witness, supression of confession due to Miranda rights violations, has been actively aiding Defendant RaaRM

While application of the Sixth Amend. is limited to government action which occurs after the initiation of adverse criminal procedings, a defendants remedy for prosecutorial misconduct procedings, a defendants remedy for prosecutorial misconduct in the preindictment case is provided in the fifth Amendment. idisie

(3)

A fifth Amend due process violation may occur when government interferes in an attorney-client relationship results in ineffective counsel, when government engages in witness misconduct id 1519. id. 1521-22 (quoting U.S. v. Morrison 449 U.S. 361, 365, 101 S. Ct. 665, 66 L. Ed. 2d 564.

Defendant Roark is fully aware that tampering with alledged victim was possible and Defendants Dugger and Linnewebber have aided in not addressing these issue.

Conflict of interest arises when clients interests collide with his attorney's interest. See U.S. v. Swanson 943 F. 2d at 1075; U.S. v. Ellison 798 F. 2d 1102, 1106-07

That a person who happens to be a lawyer is present at trial alongside the accused is not enough to satisfy the constitutional command Strickland v Washington 466 U.S. 668 Indigent defendants provided with unprepared and pro-forma lawyers were not accorded the right to counsel in any substantial sense. Thus an accused is entitled to be assisted by an attorney whether retained or appointed, who plays the role necessary to ensure that the trial is fair. See Frazer v U.S. 18 F. 3d 778

It is clear Defendant Dugger is claiming to be unprepared, so to aid the other Defendants the ability to postponed trial, instead of being the Government's adversary.

The Plaintiff has made several attempts to obtain the rest of his discovery, yet Defendant Dugger has failed to answer phone calls or come by the facility to see plaintiff. which is a violation of Mont. Const. Article II, sections 9 and 24; Brady v. Maryland. Defendant Linnewebber and Halpin, Roark have made it impossible to obtain any relief from the courts

The right to counsel includes the right to an effective attorney who can represent his client competently and without conflicting interests. see: Garcia v. Bunnell 33 F. 3d 1193, 1195

It is clear that the defendants have conspired and actively assisting each other in blocking Plaintiffs access to the courts, in any meaning ful way, which by doing so have no expectation of any immunity.

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*YCDF*

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☒ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☒ Do not know

If yes, which claim(s)?

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

2.    What did you claim in your grievance?

3.    What was the result, if any?

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Does not pertain to prison conditions

F.    If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

       *N/A*

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

       *N/A*

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

       *N/A*

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)

Defendant(s)

2.    Court *(if federal court, name the district; if state court, name the county and State)*

3.    Docket or index number

4.    Name of Judge assigned to your case

5.    Approximate date of filing lawsuit

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition.

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.    What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    8/22/2024

Signature of Plaintiff

Printed Name of Plaintiff    Angelo Louis DiCostanzo

Prison Identification #    29299

Prison Address    3165 King Ave C.

Billings    *City*    mt    *State*    59101    *Zip Code*

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

*City*    *State*    *Zip Code*

Telephone Number

E-mail Address